FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 10 2025

JEFFREY P. COLWELL
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____
(To be supplied by the court)

__Aaron Woolman_____, Plaintiff

v.

Jury Trial requested:
(please check one)
____ Yes  _X_ No

_____,

_____,

__United States of America_____,

__Bureau of Prisons_____, Defendant(s).

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

## PRISONER COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A.   PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Aaron Woolman # 20199-023
FCI Englewood, 9595 W. Quincy Ave., Littleton, CO 80123
(Name, prisoner identification number, and complete mailing address)

_____
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

___ Pretrial detainee
___ Civilly committed detainee
___ Immigration detainee
___ Convicted and sentenced state prisoner
_X_ Convicted and sentenced federal prisoner
___ Other: *(Please explain)* _____

## B.   DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:   UNITED STATES OF AMERICA
(Name, job title, and complete mailing address)
Attorney General of the United States
950 Pennsylvania Ave., NW, Washington, DC 20534

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes  ___ No *(check one)*. Briefly explain:

The United States always acts under color of federal law.

Defendant 1 is being sued in his/her _X_ individual and/or _X_ official capacity.

2

Defendant 2:     Bureau of Prisons (Dep't of Justice Agency)
                 (Name, job title, and complete mailing address)

                 320 First St., NW, Washington, DC 20534

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  X  Yes ___ No (*check one*). Briefly explain:

Federal Agency actors always act under color of federal law.

Defendant 2 is being sued in his/her  X  individual and/or  X  official capacity.

Defendant 3: _____
             (Name, job title, and complete mailing address)

             _____

             _____

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ___ Yes ___ No (*check one*). Briefly explain:

_____

_____

Defendant 3 is being sued in his/her ___ individual and/or ___ official capacity.

## C.  JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

____  State/Local Official (42 U.S.C. § 1983)

____  Federal Official
      As to the federal official, are you seeking:
      ___ Money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)
      ___ Declaratory/Injunctive relief pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, or 28 U.S.C. § 2201

 X    Other: (*please identify*)  Federal Tort Claims Act ("FTCA")

## D.   STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE:   Gross Negligence

Claim one is asserted against these Defendant(s):   United States of America

Supporting facts:

(1) I was and am an inmate at FCI Englewood for all times relevant to this Complaint.

(2) On 10/26/22 I was removed from my inmate cell and placed in the FCI Englewood segregated housing unit ("SHU"). My SHU placement was a result of my need for a medical procedure at the Swedish Hospital in Denver on the following Monday. My transfer to the SHU occurred on a Thursday afternoon.

(3) On 10/26/22, when I was placed in the SHU, I was removed from my prescribed medications by Nurse Amanda Garcia, the nurse whose care I was under during my stay in the SHU.

(4) My asthma inhaler was not provided to me while I was in the SHU. My asthma medication was not provided to me while I was in the SHU. My depression medication was not provided to me while I was in the SHU to include Zoloft. My blood pressure medication was not provided to me while I was in the SHU. None of the above described medications were given to me during the period of time that I was in the SHU at FCI Englewood from 10/26/22 until 10/29/22 when I had a stroke. (I was provided with my blood pressure medication <u>after</u> my stroke on 10/29/22).

(5) Nurse Amanda Garcia made rounds in the SHU on 10/26/22, 10/27/22, 10/28/22, and 10/29/22. I requested my medications (described in paragraph 4) including my blood pressure medication on each day that Amanda Garcia made rounds in the SHU. Nurse Garcia refused to provide me with my medications. She got upset with me for making repeated requests on the second day that I was in the SHU and repeatedly told me that she "did not have access

4

to my prescribed medications." She also told me that my medications were all "in my property," referring to the SHU storage area in which inmate property is stored when an inmate is placed in the SHU. Amanda Garcia knew or should have known that inmate medications are not stored in the SHU storage area per Bureau of Prisons' policy.

(6) On the Saturday night after I arrived in the SHU, October 28, 2022, I had a stroke as a result of my not receiving my blood pressure medications.

(7) On 10/28/2022, I was found by my cellmate in the SHU lying halfway off of my bunk and unresponsive. My cellmate got the SHU guard's attention. The SHU guard at this time was Officer Thompkins. Officer Thompkins told my cellmate that I "look funny" before laughing about my condition and walking away. When my cellmate continued protesting about my need for medical care, Officer Thompkins informed my cellmate that "medical is not here and [he] would not get an ambulance." I was never taken to the hospital nor did I receive any medical care on 10/28/2022.

(8) The next day after my stroke I was evaluated by Nurse Amanda Garcia when she made her daily rounds in the SHU. Nurse Garcia determined that I had a stroke the night before when Thompkins refused to obtain medical care for me. I exhibited several signs indicating my ongoing need for medical care by someone capable of providing me with medical treatment for my stroke but Amanda Garcia refused to send me to the hospital at that time or refer me to the doctor at the prison for evaluation.

(9) On information and belief, Officer Thompkins was disciplined by the Captain of FCI Englewood for negligence in refusing to obtain medical treatment and care for me on 10/28/22.

(10) As a result of my stroke I was unable to use the right side of my body for approximately two years. The right side of my face also drooped, my right arm was useless, and I kept falling to the ground. All of these physical issues occurred as a result of my stroke. The Bureau of Prisons medical staff ultimately issued me a walker to prevent further injury after I kept injuring myself by falling after the stroke happened. I still have permanent damage to my leg. My speech was slurred and I still suffer from severe cognitive issues due to the stroke.

(11) During the period that I was in the SHU without my depression medication my depression was exacerbated and I had asthma related breathing issues. I was not given treatment for any of these concerns because Amanda Garcia refused to render treatment or any care whatsoever in response to my multiple requests for care while I was housed in the SHU.

(12) I suffer from emotional injuries related to the events described above including anxiety, depression, fear, and insomnia.

(13) The party (unknown to Plaintiff) tasked with ensuring that he recieved his medications while in the SHU for the period described above owed Plaintiff a duty to provide care under Colorado law and breached that duty by failing to provide the medications Plaintiff was prescribed. Said breach of the duty of care resulted in the damages alleged herein.

FTCA and Negligence under Colorado Law

(14) Each of the care providers at FCI Englewood prison who were tasked with providing medical care to Plaintiff owed Plaintiff a duty of care under Colorado law. Under Colorado law, healthcare providers have a duty not to cause injury and to refer an individual for outside testing or care that would alleviate injury where the failure to do so would result in continued harm. The medical care providers at FCI Englewood known and unknown (to include Amanda Garcia) acting on behalf of the United States of America breached their duty of care under Colorado law by failing to provide Plaintiff with his prescribed medications during the period of time which he was housed in the SHU at FCI Englewood.

(15) As a direct and proximate result of the combined negligence of Defendant's agents, servants, and employees, Plaintiff has suffered unnecessary pain, emotional injuries, exacerbation of his previously diagnosed depression, asthma and hypertension as well as the physical issues described in paragraphs 10 & 11.

**CLAIM TWO:** Negligence (Failure to take necessary action)

Claim Two is asserted against Defendant United States

**Facts:**

(16) The facts articulated in paragraph #1 through paragraph #13 are realleged and incorporated by reference in Claim Two herein.

(17) Federal Bureau of Prisons guards have a duty to provide for Plaintiff's safety and medical care under Colorado law as well as 18 U.S.C. § 4042(a)(2).

(18) Officer Thompkins breached his duty to provide for Plaintiff's safety and care under Colorado law by his inaction and refusal to obtain medical personnel to treat Plaintiff on 10/28/2022 when he found Plaintiff in his cell in the SHU lying unresponsive and in need of medical care due to a stroke.

(19) Officer Thompkins knew or should have known that Plaintiff was in duress and in need of medical care on 10/28/2022.

(20) Officer Thompkins failure to get medical care for Plaintiff on 10/28/2022 was a breach of his duty under Colorado law to provide for Plaintiff's safety and medical care.

(21) As a direct and proximate result of the combined negligence of Defendant's agents, servants and employees, Plaintiff suffered an exacerbation of his stroke symptoms, unnecessary pain, fear, and mental anguish.

### Outrage under Colorado Law

**CLAIM THREE:** Outrage (Intentional Infliction of Emotional Distress)

(22) The facts articulated in paragraph #1 through paragraph #21 are realleged and incorporated by reference in Claim Two herein.

(23) Nurse Amanda Garcia's failure to provide Plaintiff with his necessary medications after Plaintiff repeatedly requested said medications for his high blood pressure, asthma, and depression constitutes the tort of outrage under Colorado law. Nurse Garcia was well aware that her refusal to procure Plaintiff's needed medications while he was in the SHU would cause injury to Plaintiff's person.

(24) Officer Thompkins's failure to obtain medical personnel to treat Plaintiff's medical condition when he was found on the edge of his bunk in the SHU suffering from an ongoing stroke constitutes the tort of outrage under Colorado law.

### Administrative Remedies

(25) Plaintiff has exhausted his administrative remedies under the FTCA for each of the above listed claims and complied with all the prerequisites to a suit under the Federal Tort Claims Act in that:
  (a) On 7/24/2024, Plaintiff timely filed an administrative claim for the matters in dispute in this action in the amount of $500,000.00 with the Regional Director of the federal Bureau of Prisons in Kansas City, Kansas. Exhbit A is the FTCA administrative claim Plaintiff filed on 7/24/2024 with the Regional Director of the Bureau of Prisons.
  (b) Six months have elapsed without the federal Bureau of Prisons responding to Plaintiff's administrative claim. Under the FTCA the Bureau must respond within six months of receiving an FTCA claim or the claimant may consider his claim to be denied. Accordingly, Plaintiff has fully exhausted his administrative remedies for each claim under the FTCA.

### E.   PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated?  ___ Yes  _X_ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):                  _____

Docket number and court:                  _____

Claims raised:                            _____

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?)  _____

Reasons for dismissal, if dismissed:      _____

Result on appeal, if appealed:            _____


### F.   ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

   _X_ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

   _X_ Yes ___ No (*check one*)

5

## G. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

```
Plaintiff requests that this Court render judgment against the
United States of America for each of the claims alleged in his
Complaint:

(A) In the sum to be shown at trial, but in no event less than
    $500,000.00;
(B) Including whatever pre- and postjudgment interest may be
    allowed by law;
(C) Plaintiff to be awarded costs of suit; and
(D) Declaring that the acts and inactions of defendant's agents
    described in the Complaint violated Plaintiff's Eighth
    Amendment right to be free from cruel and unusual punishment.
```

## H. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

```
February 1, 2025
```
(Date)

**EXHIBIT A**

Plaintiff's FTCA administrative claim filed with BOP on 7/24/24

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: Regional Director, Bureau of Prisons 400 State Ave., Suite 800 Gateway Complex Tower II Kansas City, Kansas 66101-2492 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) Aaron Woolman #20199-023 9595 W. Quincy Ave. Littleton, CO 80123 |
|---|---|

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 12/9/1961 | 5. MARITAL STATUS Married | 6. DATE AND DAY OF ACCIDENT 10/26/2022 | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

The basis of this claim is the negligence and medical malpractice described in the attached sworn declaration.

See attached declaration.

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT. My lack of immediate medical care caused stroke injuries. I suffered a stroke, anxiety, depression, and fear as a result of the actions and inactions of Nurse Amanda Garcia and BOP medical staff. Further, Officer Thompkins inaction resulted in further injury.

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| | |

12. (See instructions on reverse.) **AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| ------------ | $500,000.00 | ------------ | $500,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) *[signature]* | 13b. Phone number of person signing form | 14. DATE OF SIGNATURE 7/24/2024 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109

NSN 7540-00-634-4046

STANDARD FORM 95
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## DECLARATION OF AARON WOOLMAN

Aaaron Woolman states:

1. I submit this declaration in support of my attached FTCA claim for negligence and medical malpractice.

2. I was and am an inmate at FCI Englewood. On 10/26/2022 I was taken to the segregated housing unit (SHU) on a Thursday afternoon. My SHU placement was a result of my needing a medical procedure at the Swedish Hospital in Denver on the following Monday.

3. When I was placed in the SHU, I was removed from my prescribed medications. My asthma inhaler was not provided to me. My asthma medication was not provided to me. My depression medication was not provided to me (Zoloft is what was prescribed). My blood pressure medication was not provided to me.

4. On Thursday, when I arrived in the SHU, Nurse Amanda Garcia made her rounds in the SHU and I asked her about my medications which I did not have (indicated above). She told me she could not access my medication because my medications were "in my property" where she "did not have access."

5. Nurse Amanda Garcia made daily rounds in the SHU while I was there. Each day I asked Nurse Garcia about my medications and why I was not receiving them. Nurse Garcia got upset with me about my repeated requests but continued to inform me that she did not access to my medications, that the medications were "in my property" and that she could not help me obtain my medications.

6. I spoke to Nurse Garcia every day that I was in the SHU concerning my inability to obtain my medications. She gave me the

-1-

same response each time I asked. She indicated that she was unable to get my medication and could not provide my medication to me.

7. On the Saturday night after I arrived in the SHU, October 28, 2022, I had a stroke as a direct result of my not receiving my blood pressure medications.

8. I was laying in the SHU halfway on my bunk and halfway on the floor. My cellmate got the guards attention. The guard who responded first was Officer THOMPKINS. He told my cellmate that I "look funny" then laughed and walked away. He'd informed my cellmate that "medical is not here and I will not get an ambulance."

9. On Sunday morning Amanda Garcia evaluated me when she made her SHU rounds and determined that I had a stroke the night before. Later that day, she returned with my blood pressure medication. I was not taken to the hospital for my stroke at any time thereafter.

10. Later on I was informed that Officer THOMPKINS was actually disciplined by the Captain for his negligence in refusing to render treatment. I did not see THOMPKINS again for another year.

11. As a result of my stroke, I was unable to use the right side of my body for nearly two years. The right side of my face drooped, my right arm was useless, and I kept falling on the ground until the BOP gave me a walker to prevent further injury. My speech was slurred and I had severe cognitive issues. All of this was documented in my medical records. I still have permanent leg damage.

12. My depression was exacerbated as a result of my stroke and I suffered fear and anxiety as well.

I declare under penalty of perjury that the foregoing is true and correct and executed this 24th day of July 2024 at Littleton, Colorado.

Aaron Woolman #20199-023
FCI Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

-3-



Aaron Woolman # 20199-023
Federal Correctional Institution
9595 W. Quincy Ave.
Littleton, Colorado 80123

Clerk of the Court
United States Courthouse
901 19th Street
Room A105
Denver, Colorado 80294-3589